UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAMES CARL LISSADE,

              Plaintiff,

    v.

RICHARD CLOSS; THE FLOYD
BENNETT FIELD PARKS POLICE
DEPARTMENT; and CASINO TOWING
SERVICE INC.,

              Defendants.

**MEMORANDUM & ORDER**
25-CV-6767 (HG)

**HECTOR GONZALEZ**, United States District Judge:

On December 5, 2025, *pro se* Plaintiff James Carl Lissade filed this action against the Floyd Bennett Field Park Police ("U.S. Park Police"); U.S. Park Police Captain Richard Closs, in his individual and official capacity ("Closs"); and Casino Towing Services, Inc. ("Casino Towing"). *See* ECF No. 1 (Complaint).[1] Among other things, Plaintiff alleges that Defendants violated his constitutional rights by ticketing and towing his automobile from federal property. *See generally id.* Plaintiff's application to proceed *in forma pauperis* ("IFP") is granted. *See* ECF No. 2 (IFP Motion). However, for the reasons stated below, Plaintiff's complaint is dismissed for failure to state a claim.

---

[1]     Unless otherwise indicated, when quoting cases and Plaintiff's Complaint, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

**BACKGROUND**[2]

On August 16, 2025, Plaintiff left his automobile at a beach parking lot at Floyd Bennett Field.  *See* ECF No. 1 at 4.  Floyd Bennett Field is part of the Gateway National Recreation Area and is operated by the National Park Service.[3]  When Plaintiff returned to the lot, he found that his automobile had been removed.  *Id.* at 4.  An unidentified U.S. Park Police officer informed Plaintiff that his automobile had been towed by "the Casino towing service, authorized by the [U.S. Park Police]."  *Id.*  Plaintiff alleges that the witnesses to his claim "are the ticketing officer and Richard Closs."  *Id.*

Plaintiff claims that removal of his automobile violated the Fourth Amendment, and he seeks damages for "[a]uthorizing the levy of private property without a warrant or charging instrument."  *Id.* at 3.  He also asserts state law claims for "Breach of Contract" and "Theft of Property."  *Id.*  He references a "contractual agreement . . . agreed upon with both defendants and filled [sic] with the state of New York (file # NYC-2460205)," but he does not describe the nature of the alleged contract.  *Id.* at 5.  Plaintiff seeks the release of his automobile and $102,633,440.00 in damages.  *Id.* at 5.

---

[2]    The Court "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts."  *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021).

[3]    Indeed, Plaintiff lists the address of a New York Field Office of the National Park Service, 275 Ranger Road in Brooklyn, as the service address for Closs and the U.S. Park Police.  *See* ECF No. 1 at 1–2; *see also Floyd Bennett Field*, National Park Service, Gateway National Recreation Area NY, NJ, https://www.nps.gov/gate/learn/historyculture/floyd-bennett-field.htm [https://perma.cc/VX8W-J5A2].

2

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). A district court shall review an IFP action and dismiss where it finds that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### I.  Section 1983 Claim

Plaintiff invokes the Court's jurisdiction by bringing a claim under 42 U.S.C. § 1983. Section 1983 provides a cause of action when the harm was "committed by a person acting under color of state law," and the action "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Here, because Plaintiff fails to allege that any of the defendants were acting under color of state law, he fails to state a § 1983 claim.

One of the defendants, Casino Towing, is private entity to which § 1983 typically does not apply. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-51 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful[.]"). And Plaintiff fails to otherwise allege that Casino Towing was acting under color of state law. Indeed, "courts have rejected the notion that private towing companies operating pursuant to licenses, permits, or contracts issued by the state are state actors." *VW Credit Leasing LTD. v. Runway Towing Corp.*, 757 F. Supp. 3d 271, 289 (E.D.N.Y. 2024).

Nor does § 1983 apply to the remaining defendants, Closs and the U.S. Park Police. *See United States v. Acosta*, 502 F.3d 54, 60 (2d Cir. 2007) (explaining that § 1983 does not apply to the federal government or federal officials). The U.S. Park Police is part of the National Park Service, an agency within the United States Department of the Interior. And Closs, a U.S. Park Police captain, is a federal officer. Accordingly, Plaintiff fails to state a § 1983 claim against any of the defendants.

## II.    *Bivens* Claim

In light of Plaintiff's *pro se* status, the Court considers whether his claim for constitutional violations against Closs can be construed as a *Bivens* claim.[4] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). "A *Bivens* action is a judicially-created remedy designed to provide individuals with a cause of action against federal officials who have violated their constitutional rights . . . despite the absence of

---

[4]    Plaintiff cannot bring such a claim against the U.S. Park Police because *Bivens* remedies do not extend to actions against federal agencies. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994).

any statute conferring such a right." *Higazy v. Templeton,* 505 F.3d 161, 169 (2d Cir. 2007); *see also Ziglar v. Abbasi*, 582 US. 120, 135 (2017) (acknowledging that *Bivens* remedies extend to some additional contexts, but cautioning courts not to extend *Bivens* beyond those already recognized contexts without first analyzing special factors).

To state a claim under *Bivens*, a plaintiff must allege facts to show that: (1) he was deprived of a constitutional right, (2) by a person acting under color of federal authority. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). "Because vicarious liability is inapplicable to *Bivens* [] suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, Plaintiff's only allegation regarding Closs is that: (i) Closs witnessed Casino Towing's removal of Plaintiff's automobile, which was authorized by the U.S. Park Police; and, construing the Complaint liberally, (ii) that Closs was the officer who informed Plaintiff that the automobile had been towed. *See* ECF No. 1 at 4. Plaintiff does not allege that Closs personally ordered, or authorized, the towing. Nor does Plaintiff allege that the towing was authorized without any legal basis, like violating the National Park Service's parking restrictions. Plaintiff's allegations do not suggest any constitutional violation and thus he fails to state a claim under *Bivens*. Accordingly, the claims against the U.S. Park Police and Closs are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.    State Law Claims

Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point

toward declining to exercise jurisdiction over the remaining state-law claims." *Chinniah v. FERC*, 62 F.4th 700, 703 (2d Cir. 2023) (quoting *Pension Benefit Guar. Corp. ex rel. Saint Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013)).

### IV.   Leave to Amend

Although a *pro se* plaintiff ordinarily should be granted "leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," a court may deny such leave when amendment would "be futile." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (explaining that where the problem with a complaint is "substantive[,] better pleading will not cure it" and leave to amend should be denied as futile). Here, the Court denies Plaintiff leave to amend because any amendments would be futile.

### CONCLUSION

For the reasons set forth above, the Complaint, filed IFP, is dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Any state law claims are dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Order to *pro se* Plaintiff and note the mailing on the docket.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
May 5, 2026

6